In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00192-CR


______________________________




TOMMIE LOYD PRATER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21980




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Tommie Loyd Prater appeals from his conviction by a jury for sexual assault of a child with
A.C.P. The jury assessed his punishment at twenty years' imprisonment and a $10,000.00 fine. 
Prater presently has seven other convictions currently on appeal before this Court. (1)

 On appeal, Prater contends that the trial court erred in allowing the introduction of hearsay
statements through the testimony of Judith Hart, a nurse who examined A.C.P. during her initial
hospital visit. Prater argues that her testimony and records were inadmissible because they were
hearsay, not made admissible under a medical exception, and that the outcry exception did not apply
because Hart was not the outcry witness.

 We addressed this issue in detail in our opinion of this date on Prater's appeal in cause
number 06-07-00187-CR. For the reasons stated therein, we likewise conclude that error has not
been shown.

 We affirm the judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: August 8, 2008

Date Decided: September 15, 2008


Do Not Publish

1. Prater appeals from eight convictions. In cause number 06-07-00187-CR, he appeals from
his conviction of indecency with a child (A.C.P.) by sexual contact; in cause numbers 06-07-00188-CR through 06-07-00192-CR, he appeals his convictions of sexual assault of a child (A.C.P.). In
each of these cases, Prater was sentenced to twenty years' imprisonment, to run consecutively, and
$10,000.00 fines.

 Prater appeals his conviction in cause number 06-07-00193-CR of indecency with a child
(J.A.P.) by sexual contact. Prater was sentenced in this case to twenty years' imprisonment, to run
consecutively, and a $10,000.00 fine.

 Prater also appeals his conviction in cause number 06-07-00194-CR of aggravated sexual
assault of a child (T.L.P.). He was sentenced to life imprisonment, to run consecutively, and a
$10,000.00 fine.


testimony that Thomas was in Hailey's car when Stevenson
and S. H. accepted a ride from Hailey. Further, in Thomas' own statement to the police, he admitted
he was with Hailey, Stevenson, and S. H. from the time they left the game until they left S. H. on the
side of the road. (1) The State produced ample evidence that the crime was committed during the time
period Thomas admitted being with S. H. (2)

 The State also introduced corroboration testimony from S. H. During direct examination,
the State elicited the following:

 [State]: Do you know who Quince Thomas is?


 [S. H.]: Yes. 


 

 [State]: Would you point him out?


 [S. H.]: Right there.


 [State]: Is he the man sitting at the end of counsel table?


 [S. H.]: Yes.


 [State]: Can you tell this jury that he raped you?

 [S. H.]: He raped me. 

S. H. also testified that she remembered feeling someone having sex with her and that she
remembered falling off of the car and two different people picking her up by her arms and squeezing
very hard. (3) 

 In addition to the foregoing, the State produced testimony Thomas repeatedly harassed S. H.
and her mother after the assault. For example, S. H.'s mother testified Thomas repeatedly directed
names such as "bitch" and "whore" toward her daughter after the assault. See Burks, 876 S.W.2d
at 888 (incriminating statements made after offense could be taken into consideration when
determining corroboration). 

 All the facts and circumstances in the case, both factual and circumstantial, may be
considered when determining whether the accomplice testimony was properly corroborated. See
Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). In the present case, the State produced
nonaccomplice testimony that an offense was committed, that Thomas was present during its
commission, and that he made derogatory comments of a sexual nature to S. H. after the assault. 
Additionally, S. H. identified Thomas as one of the men who raped her. Based on the foregoing,
there was sufficient evidence tending to connect Thomas with the crime, and the trial court did not
err by admitting the accomplice testimony. Furthermore, because the accomplice testimony was
properly before the jury, the evidence was sufficient to support the conviction. 

 For the reasons stated, we affirm the trial court's judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 15, 2003

Date Decided: February 27, 2003


Publish
1. "Proof that the accused was at or near the scene of the crime at or about the time of its
commission, when coupled with other suspicious circumstances, may tend to connect the accused
to the crime so as to furnish sufficient corroboration to support a conviction." Brown v. State, 672
S.W.2d 487, 489 (Tex. Crim. App. 1984).
2. While merely showing the commission of an offense is not alone sufficient to corroborate
an accomplice witness, the court may consider it as a factor along with other possible factors to
determine whether there was sufficient nonaccomplice corroboration. Reed v. State, 744 S.W.2d
112, 126 (Tex. Crim. App. 1988).
3. S. H.'s mother testified S. H. showed significant bruising on her arms after the assault. The
mother's testimony logically tends to connect Thomas with the offense, albeit slightly.